Kevin Schwin, Esq., SBN 262595
LAW OFFICE OF KEVIN SCHWIN
1220 E. Olive Ave.
Fresno, CA 93728
Telephone: (559) 715-2889
Facsimile: (559) 221-6812
Kevin@Schwinlaw.com

Attorney for Defendant, ANTONIO GONZALEZ

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| RONALD MOORE,<br><br>　　　　Plaintiff,<br>　vs.<br><br>RANDALL T. SHANNON, TRUSTEE OF THE SHANNON FAMIL TRUST, DATED June 8, 1999; JUDITH ANN SHANNON, TRUSTEE OF TH ESHANNON FAMILY TRUST, DATED June 8, 1999; ANTONIO GONZALEZ,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00952-LJO-GSA<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT** |

　　　The Parties to this Action, RONALD MOORE ("Plaintiff"), RANDALL T. SHANNON, TRUSTEE OF THE SHANNON FAMILY TRUST, DATED June 8, 1999, JUDITH ANN SHANNON, TRUSTEE OF THE SHANNON FAMILY TRUST, DATED June 8, 1999, and ANTONIO GONZALEZ (collectively "Defendants") hereby STIPULATE to entry of Judgment on the following terms and conditions:

1. Without admitting liability, Defendants shall make all structural modifications to the property that is the subject of this Action ("Subject Property") sought in Plaintiff's First Amended Complaint;

2. Without admitting liability, Defendants will allow judgment to be taken against them in the total amount of $4,001.00, plus all court costs and reasonable attorneys' fees incurred as of April 11, 2014. Otherwise, each side shall bear its own costs and attorneys' fees.

3. The judgment shall be entered in favor of Plaintiff and against RANDALL T. SHANNON and JUDITH ANN SHANNON, as Trustees of the SHANNON FAMILY TRUST, dated June 8, 1999 in the amount of $2,000.50, plus one half (1/2) of the court costs and reasonable attorneys' fees incurred as of April 11, 2014. Otherwise, each side shall bear its own costs and attorneys' fees.

4. The judgment shall be entered in favor of Plaintiff and against ANTONIO GONZALEZ in the amount of $2,000.50, plus one half (1/2) of the court costs and reasonable attorneys' fees incurred as of April 11, 2014. Otherwise, each side shall bear its own costs and attorneys' fees.

5. Nothing herein shall be construed as an admission of liability on the part of any of the Defendants, which liability is, always has been, and continues to be expressly denied.

6. Plaintiff has expressly released Defendants, and each of them, and their heirs, assigns, employees, agents, accountants, attorneys, alter-egos, trustees, owners, shareholders, joint-venturers, partners, lessees, sub-lessees and fiduciaries (the "Released Parties") from any and all liability for any act or omission, whether known or unknown, committed or omitted at the time of entry of judgment. Plaintiff has expressly waived any rights he may have under California Civil Code section 1542, or any similar provision under state, federal or local law. California Civil Code section 1542 states:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS, WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM**

**OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

7. Plaintiff has fully resolved any and all claims he has or may have against the Released Parties, understands fully the statutory language of California Civil Code section 1542, and, with this understanding, assumes all risks for claims released hereunder, whether known or unknown, suspected or unsuspected.

8. Plaintiff will promptly notify the Court and seek dismissal of this Action with prejudice upon full and complete satisfaction of the judgment.  To the extent Plaintiff fails to do so, Defendants, or each of them, may seek an order deeming the judgment satisfied in full and dismissing this Action.  In such a case, Defendants, and each of them, shall be entitled to recovery of their costs, including reasonable attorneys' fees, in seeking and obtaining such order and dismissal.

9. Plaintiff will refrain from taking any action, or causing any person to take any action whatsoever in efforts to collect upon or enforce the judgment prior to October 31, 2014.  This includes, but is not limited to: reporting, or causing to be reported, the judgment and/or its status as satisfied or unsatisfied to any credit reporting agency; levying or placing a lien, or causing a levy or lien to be placed, on any accounts or other property owned by any of the Defendants; taking or seizing, or causing to be taken or seized, any property owned by any of the Defendants; seeking or obtaining, or causing to be sought or obtained, any information regarding any property, assets or other financial information of any of the Defendants; filing, or causing to be filed, a notice of judgment or notice of judgment lien with any public body or agency; or otherwise engaging in any act, or causing any other person to engage in any act, that is intended to or has the effect of damaging the credit rating of any of the Defendants, seizing any asset of any of the Defendants, or otherwise putting any of the assets of any of the Defendants at jeopardy.

10. Plaintiff has expressly disavowed any right, privilege or entitlement to any post-judgment interest that may accrue under 28 U.S.C. section 1961 and/or any similar or related federal, state or local law allowing for a judgment debtor to collect interest on a judgment from the date of entry of judgment until paid.  However, if the judgment is not fully satisfied as of October 31, 2014, then Plaintiff may seek to collect post-judgment interest available under the law to the extent such post-judgment interest is available, starting on October 31, 2014 and continuing to accrue until paid.

11. In the event Plaintiff fails to comply with any of the terms specified herein, Defendants, and each of them, may seek an order or judgment awarding them all damages and/or appropriate injunctive relief arising from Plaintiff's breach of the terms of this Agreement, as well as costs, including reasonable attorneys' fees, incurred in obtaining such order or judgment.

12. Plaintiff may enter into a subsequent agreement modifying the terms of this Stipulated Judgment with any Defendant.  However, any subsequent agreement entered into with less than all the Defendants shall in no way, shape or form impact the validity or enforceability of this Stipulated Judgment with respect to any Defendant who is not a party to such subsequent agreement.

13. The Court shall retain jurisdiction over this Action until such time as the judgment is satisfied in full.

LAW OFFICE OF KEVIN SCHWIN

Date: May 12, 2014                /s/ Kevin Schwin
                                  KEVIN SCHWIN, Attorney for Defendant,
                                  ANTONIO GONZALEZ

WELCH & ASSOCIATES

Date: May 19, 2014          /s/ Michael Welch
                            MICHAEL WELCH, Attorney for Defendants,
                            RANDALL T. SHANNON and JUDITH ANN
                            SHANNON, as Trustees of the SHANNON FAMILY
                            TRUST, dated June 8, 1999


MOORE LAW FIRM, P.C.

Date: May 19, 2014          /s/ Tanya Moore
                            TANYA MOORE, Attorney for Plaintiff, RONALD
                            MOORE

**[JUDGMENT ON FOLLOWING PAGES]**

**JUDGMENT**

Having been so STIPULATED, it is hereby ORDERED that Judgment be entered in favor of Plaintiff, RONALD MOORE, and against Defendants, RANDALL T. SHANNON, TRUSTEE OF THE SHANNON FAMILY TRUST, DATED June 8, 1999, JUDITH ANN SHANNON, RUSTEE OF THE SHANNON FAMILY TRUST, DATED June 8, 1999, and ANTONIO GONZALEZ, and each of them, on the following terms and conditions:

1. Defendants shall make all structural modifications to the property that is the subject of this Action ("Subject Property") sought in Plaintiff's First Amended Complaint;
2. Judgment is entered against Defendants in the total amount of $4,001.00, plus all court costs and reasonable attorneys' fees incurred as of April 11, 2014.  Otherwise, each side shall bear its own costs and attorneys' fees.
3. The judgment is entered in favor of Plaintiff and against RANDALL T. SHANNON and JUDITH ANN SHANNON, as Trustees of the SHANNON FAMILY TRUST, dated June 8, 1999 in the amount of $2,000.50, plus one half (1/2) of the court costs and reasonable attorneys' fees incurred as of April 11, 2014.  Otherwise, each side shall bear its own costs and attorneys' fees.
4. The judgment is entered in favor of Plaintiff and against ANTONIO GONZALEZ in the amount of $2,000.50, plus one half (1/2) of the court costs and reasonable attorneys' fees incurred as of April 11, 2014  Otherwise, each side shall bear its own costs and attorneys' fees.
5. Plaintiff will promptly notify the Court and seek dismissal of this Action with prejudice upon full and complete satisfaction of the judgment.  To the extent Plaintiff fails to do so, Defendants, or each of them, may seek an order deeming the judgment satisfied in full and dismissing this Action.  In such a case, Defendants, and each of them, shall be entitled to recovery of their costs, including reasonable attorneys' fees, in seeking and obtaining such order and dismissal.
6. Plaintiff will refrain from taking any action, or causing any person to take any action whatsoever in efforts to collect upon or enforce the judgment prior to October 31, 2014.

This includes, but is not limited to: reporting, or causing to be reported, the judgment and/or its status as satisfied or unsatisfied to any credit reporting agency; levying or placing a lien, or causing a levy or lien to be placed, on any accounts or other property owned by any of the Defendants; taking or seizing, or causing to be taken or seized, any property owned by any of the Defendants; seeking or obtaining, or causing to be sought or obtained, any information regarding any property, assets or other financial information of any of the Defendants; filing, or causing to be filed, a notice of judgment or notice of judgment lien with any public body or agency; or otherwise engaging in any act, or causing any other person to engage in any act, that is intended to or has the effect of damaging the credit rating of any of the Defendants, seizing any asset of any of the Defendants, or otherwise putting any of the assets of any of the Defendants at jeopardy.

7. Plaintiff has expressly disavowed any right, privilege or entitlement to any post-judgment interest that may accrue under 28 U.S.C. section 1961 and/or any similar or related federal, state or local law allowing for a judgment debtor to collect interest on a judgment from the date of entry of judgment until paid. However, if the judgment is not fully satisfied as of October 31, 2014, then Plaintiff may seek to collect post-judgment interest available under the law to the extent such post-judgment interest is available, starting on October 31, 2014 and continuing to accrue until paid.

8. The Court shall retain jurisdiction over this Action until such time as the judgment is satisfied in full.

IT IS SO ORDERED.

Dated:   **May 20, 2014**                         **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE